UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW PARK, on Behalf of Himself and All Other Persons Similarly Situated,<br><br>            Plaintiff,<br><br>      v.<br><br>DOLE FRESH VEGETABLES, INC.,<br><br>            Defendant. | Case No.: 13-CV-0872 LHK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER |

Plaintiff Andrew Park ( "Plaintiff") brings this putative consumer class action lawsuit (the "Instant Action") against Defendant Dole Fresh Vegetables, Inc. ("Dole" or "Defendant") pursuant to California's Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, *et seq.*, and California's Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.* Before the Court is Defendant's Motion to Transfer Action to the Central District of California pursuant to 28 U.S.C. § 1404(a). *See* ECF Nos. 12, 29. The Court finds this matter appropriate for determination without oral argument and hereby VACATES the hearing and the case management conference set for August 8, 2013. *See* Civil L.R. 7-1(b). Having considered the parties' submissions and the relevant law, and for good cause shown, the Court hereby GRANTS Dole's Motion to Transfer.

1

Case No.: 13-CV-0872 LHK
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

## I. BACKGROUND

### A. Factual and Procedural Background[1]

Plaintiff, on behalf of himself and the proposed class, alleges that Dole's Salad Kit products are deceptively labeled as "All Natural" when, in fact, they contain unnaturally processed and synthetic ingredients. *See* First Am. Compl. ("FAC") ¶ 1, ECF No. 22. Plaintiff is currently a resident of Los Angeles, California, and allegedly purchased Dole's products at various supermarkets in Los Angeles. *See* FAC ¶ 6. Defendant Dole Fresh Vegetables, Inc.'s principal place of business is located in Monterey, California, *see* FAC ¶ 7, and the headquarters of Defendant's parent company, Dole Food Company, Inc., is located in Westlake Village, near Los Angeles, *see* ECF No. 36 at 1-2, n.1. Dole Fresh Vegetables, Inc.'s products are distributed nationwide. *See* FAC ¶ 7.

On January 22, 2013, Plaintiff Laura Hansen filed a Class Action Complaint, entitled *Laura Hansen v. Dole Fresh Vegetables, Inc.*, No. BC499676, in the Los Angeles Superior Court. *See* RJN, Ex. 1. As in the Instant Action, the Hansen Complaint brings UCL and CLRA claims— as well as additional state law claims—based on Hansen's allegation that Dole's Salad Kit products are deceptively labeled as "All Natural" when they actually contain unnaturally processed and synthetic ingredients. *Id*. at 1-2.

On January 29, 2013, Plaintiff Laura Hansen filed a virtually identical Class Action Complaint in the Central District of California entitled *Laura Hansen v. Dole Fresh Vegetables, Inc.*, No. 13-00638 (C.D. Cal. filed Jan. 29, 2013), which was voluntarily dismissed the following day. *See* RJN, Ex. 2.

On February 20, 2013, Plaintiff Andrew Park filed the Complaint in the Central District of California. *See Park v. Dole Fresh Vegetables, Inc.*, No. 13-01214 (C.D. Cal. filed Feb. 20, 2013)

---

[1] The following facts are taken from Plaintiff's Complaint and judicially noticeable documents. For the reasons discussed in Footnote 3, the Court grants Defendants' Request for Judicial Notice ("RJN").

2
Case No.: 13-CV-0872 LHK
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

1  ("the Central District action"), ECF No. 1;[2] RJN, Ex. 3. On February 25, 2013, Plaintiff Park

2  voluntarily dismissed the Central District action. *See id.*, No. 13-01214, ECF No. 3. The

3  following day, Plaintiff Park filed the same Complaint in this District. *See* ECF No. 1.

4  On March 4, 2013, *Laura Hansen v. Dole Fresh Vegetables, Inc.*, No. BC499676, which

5  was filed originally in the Los Angeles Superior Court, was removed to the Central District of

6  California. *See* RJN at 2.

7  On March 29, 2013, Dole filed the operative Motion to Transfer the Instant Action to the

8  Central District of California under the "first-to-file" rule of federal comity and/or 28 U.S.C.

9  § 1404(a) or, in the alternative, to dismiss or stay the action. *See* Mot. to Transfer ("Mot."), ECF

10 No. 12. Dole also filed a Request for Judicial Notice ("RJN") in support of the Motion to Transfer.

11 *See* ECF No. 13.[3] On April 2, 2013, Plaintiff filed a Motion to Relate the Instant Action to

12 *Wallerstein v. Dole Fresh Vegetables, Inc.*, No. 13-1284 (N.D. Cal. filed March 21, 2013). *See*

13 Mot. to Relate, ECF No. 15. Also on April 2, 2013, the first-filed action, *Laura Hansen v. Dole*

14 *Fresh Vegetables, Inc.*, No. 13-01552, was voluntarily dismissed with prejudice in the Central

15 District of California. *See Laura Hansen v. Dole Fresh Vegetables, Inc.*, No. 13-01552 (C.D. Cal.

16 filed Jan. 22, 2013) (order dismissing complaint with prejudice).

17 On April 11, 2013, Dole filed a Motion to Dismiss or to Strike the Complaint. *See* ECF No.

18 19. Plaintiff subsequently amended his Complaint on April 25, 2013. *See* FAC, ECF No. 22. On

19 May 13, 2013, Dole filed a Motion to Dismiss or to Strike Plaintiff's First Amended Complaint,

20 which is set for hearing on October 3, 2013. *See* ECF No. 23.

---

[2] All other ECF references to the Instant Action are based on the docket in the Northern District of California, unless specified otherwise.
[3] Specifically, Dole requests that the Court take judicial notice of the two *Hansen v. Dole* complaints and the first *Park v. Dole* complaint, all of which were filed in the United States District Court for the Central District of California. *See* ECF No. 13. The Court GRANTS Dole's Request for Judicial Notice of these documents pursuant to Rule 201(b) of the Federal Rules of Evidence. Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the territorial jurisdiction of the trial court; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Del Puerto Water Dist. v. United States Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1233 (E.D. Cal May 13, 2003) ("Judicially noticed facts often consist of matters of public record, such as prior court proceedings."); *Chrisanthis v. United States*, No. 08-02472, 2008 WL 4848764, at *1 (N.D. Cal Nov. 7, 2008) ("[D]ocuments publicly filed in [a] prior suit are proper subjects of judicial notice").

3

Case No.: 13-CV-0872 LHK
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

On May 21, 2013, Dole filed a Supplemental Notice Regarding the Motion to Transfer, declaring Sections III and V of its Motion to Transfer moot in light of the dismissal of the *Hansen* action, but requesting that the Court still transfer the action pursuant to 28 U.S.C. § 1404(a). *See* ECF No. 29. On June 24, 2013, Plaintiff filed an untimely Opposition to the Motion to Transfer. *See* Opp'n, ECF No. 35; *but see* Civil L.R. 7-3(a) ("The opposition must be filed and served not more than 14 days after the motion was filed.").[4] On July 1, 2013, Dole filed a Reply supporting the Motion to Transfer. *See* Reply, ECF No. 36.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 27 (1960)).

When determining whether a transfer is proper, a court must employ a two-step analysis. A court must first consider the threshold question of whether the case could have been brought in the forum to which the moving party seeks to transfer the case. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district.") (internal quotation marks and citations omitted). Once the party seeking transfer has made this showing, district courts have discretion to consider motions to change venue based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

Pursuant to Section 1404(a), a court should consider: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. 28 U.S.C. § 1404(a). As the

---

[4] Defendants note, and this Court agrees, that the operative Motion to Transfer was filed on April 12, 2013. Accordingly, Plaintiff's opposition was due by April 26, 2013.

Ninth Circuit explained in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), additional factors that a court may consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. 08-1339, 2008 WL 4543043, at *2 (N.D. Cal. Oct.10, 2008) (citing *Stewart Org., Inc.*, 487 U.S. at 29; *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 639 (9th Cir. 1988)).

## III.   DISCUSSION

Plaintiff does not dispute that this action could have been brought in the Central District. In fact, Plaintiff originally filed the Complaint in the Central District on February 20, 2013, voluntarily dismissed the Central District action on February 25, 2013, and then re-filed the Complaint in this District on February 26, 2013. *See Park v. Dole Fresh Vegetables, Inc.*, No. 13-01214 (C.D. Cal. 2013, filed Feb. 20, 2013), ECF Nos. 1, 3. Thus, Dole has satisfied the first prong of 28 U.S.C. § 1404(a), and the Court will proceed to assess the convenience and fairness factors.

The four central considerations in assessing Dole's Motion to Transfer in this action are: (1) Plaintiff's choice of forum; (2) the convenience of the parties and witnesses; (3) the ease of access to the evidence; and (4) the interest of justice. The Court will address each in turn.

### A.   Plaintiff's Choice of Forum

Plaintiff opposes Dole's Motion to Transfer on the grounds that "substantial weight is accorded to the plaintiff's choice of forum." *See* Opp'n at 4 (citing *Catch Curve, Inc. v. Venalia, Inc.*, No. 05-04820, 2006 WL 4568799, at *1 (C.D. Cal. Feb. 27, 2006)).

While substantial consideration is generally given to a plaintiff's choice of forum, the degree of deference is substantially diminished in several circumstances, including where: (1) "the

5
Case No.: 13-CV-0872 LHK
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

1   plaintiff's venue choice is not its residence," *Fabus Corp. v. Asiana Exp. Corp.*, No. 00-3172, 2001
2   WL 253185, at *1 (N.D. Cal. Mar. 5, 2001); (2) the conduct giving rise to the claims occurred in a
3   different forum, *see, e.g.*, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative
4   facts have not occurred within the forum and the forum has no interest in the parties or subject
5   matter, [plaintiff's] choice is entitled to only minimal consideration."); (3) the plaintiff sues on
6   behalf of a putative class, *see id.* ("[W]hen an individual . . . represents a class, the named
7   plaintiff's choice of forum is given less weight."); or (4) plaintiff's choice of forum was plaintiff's
8   second choice, *see, e.g.*, *Glaxo Grp. Ltd. v. Genentech, Inc.*, No. 10-00675, 2010 WL 1445666, at
9   *4 (N.D. Cal. Apr. 12, 2010) ("While this Court is not convinced that [plaintiff] engaged in blatant
10  forum shopping, the Northern District of California was not [plaintiff's] first choice of forum and
11  is, therefore, entitled to less deference.").

12  The Court finds that these four circumstances are all present in this action. First, Plaintiff is
13  currently a resident of Los Angeles, which is located in the Central District. *See* FAC ¶ 6. Second,
14  Plaintiff purchased the products in question in various supermarkets in Los Angeles, *see* FAC ¶ 6,
15  and key decisions regarding advertising and labeling of the products were made by Timothy
16  Oswald, Jeffrey Conner, and Marcy Reed at Dole's Westlake Village office in the Central District,
17  *see* Decl. Theona Zhordania Supp. Def.'s Mot. to Transfer ("Zhordania Decl."), ECF No. 12, ¶ 6.
18  Third, Plaintiff purports to bring this case on behalf of a nation-wide class. *See* FAC ¶ 8. Finally,
19  Plaintiff originally filed this action in the Central District, which indicates that the Northern
20  District was not Plaintiff's first choice of forum. *See Park v. Dole Fresh Vegetables, Inc.*, No. 13-
21  01214 (C.D. Cal. filed Feb. 20, 2013), ECF Nos. 1, 3.

22  For the foregoing reasons, the Court finds that Plaintiff's chosen venue in this action is
23  entitled to less deference than is generally given in assessing motions to transfer.

24  **B.   Convenience of the Parties and Witnesses**

25  The parties dispute whether the convenience of the parties and witnesses favor transfer.
26  *Compare* Opp'n at 3-4 ("[O]ther than being the location of the first-filed action, there is nothing
27  special (or particularly convenient) about the Central District of California."), *with* Reply at 9
28

(identifying several factors that would render the Central District of California more convenient for the parties and the witnesses).

Dole contends that the convenience of the parties and witnesses heavily favor transfer because Plaintiff, Plaintiff's attorneys, Dole's attorneys, and three of the key third-party witnesses all reside in the Central District of California. *See* Mot. at 12, 18. Dole submits that while Dole Vegetables, Inc. is headquartered in the Northern District of California, the key decisions regarding advertising and labeling the products at issue were made by Timothy Oswald, Jeffrey Conner, and Marcy Reed, who are officers and employees of Dole Foods at its Westlake Village office. *See* Reply at 10; Zhordania Decl. at ¶ 6. Dole argues that the expense of producing these witnesses at trial in the Northern District would needlessly inconvenience Dole and disrupt Dole's business operations. *See* Reply at 10.

Plaintiff has not explained why it would be more convenient for him to litigate this action in the Northern District when Plaintiff and his attorneys reside in the Central District of California. Nor has Plaintiff challenged the relevance of Dole's three witnesses or identified any specific witnesses who reside in the Northern District. Rather, Plaintiff simply challenges the specificity with which Dole has identified its three witnesses and states that, "Plaintiff is informed and believes, that based on Dole's principal place of business in this District, former employees or other third-party witnesses are more likely located here." Opp'n at 5-6.

Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify, and "[t]he convenience of witnesses is often the most important factor in resolving a motion to transfer." *Bunker v. Union Pac. R.R. Co.*, No. 05-04059, 2006 WL 193856, *2 (N.D. Cal. Jan. 23, 2006) (citing *A.J. Industries, Inc. v. United States District Court*, 503 F.2d 384, 389 (9th Cir. 1974)); *see, e.g.*, *United Consol. Indus., Inc. v. General Motors Corp.*, 343 F. Supp. 476, 477 (E.D. Pa. 1972) (transferring case based, in part, on disruption to business operations and burden of producing witnesses for discovery). In addition, since Plaintiff, Plaintiff's counsel, and Defendant's counsel reside in the Central District, it will be cheaper and more efficient for both parties to litigate there.

7

Case No.: 13-CV-0872 LHK
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Because Plaintiff resides in the Central District, Plaintiff's counsel and Dole's counsel reside in the Central District, and Dole has averred that three seminal witnesses would be inconvenienced by having to testify in the Northern District, the Court finds that the convenience of the witnesses and parties weigh in favor of transfer to the Central District.

### C. Ease of Access to the Evidence

Similarly, Dole represents that the evidence likely to be relevant to this litigation is largely maintained by Dole at its Westlake Village office. Mot. at 12; Supplemental Zhordania Decl., ECF No. 36 at ¶ 3. Plaintiff responds by stating that he "is informed and believes that relevant documentary evidence is more likely stored at Dole's principal place of business in this District" and, "[e]ven if documents were located in Westlake Village, . . . the availability of electronic transmission of documents makes this factor relatively inconsequential." Opp'n at 5-6.

Although developments in electronic conveyance have reduced the cost of document transfer somewhat, costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored. *See Italian Colors Rest. v. Am. Express Co.*, No. 03-3719, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003). As Dole has provided evidence that the documentary evidence for this case is largely maintained at its Westlake Village office, the Court finds that the ease of access to evidence factor favors transfer to the Central District.

### D. Interest of Justice

In evaluating the interest of justice, a court may consider "public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty." *Decker Coal Co. v. Commonwealth Edison, Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

Plaintiff submits that the "interests of justice" disfavor transfer because this action could be related and consolidated with *Wallerstein v. Dole Fresh Vegetables, Inc.*, No. 13-1284 (N.D. Cal. filed March 21, 2013), which would conserve judicial resources. *See* Opp'n at 6. In addition, Plaintiff asserts that this case has been "actively and substantially litigated and is posed to advance

8

1    in this District," so "the efficiency of advancing this litigation in this Court" weighs against
2    transfer. *Id.*
3          Defendant responds that *Wallerstein* does not belong in the Northern District either,
4    because the Plaintiff is from New York and purchased Dole's products in New York. *See* Reply at
5    12-13. Defendant contends that Defendant intends to seek to transfer *Wallerstein* to the Central
6    District or dismiss the case, and that the Court should not base its ruling on another case that may
7    be transferred, stayed or dismissed. *See* Reply at 13. Defendant further responds that this case has
8    not been "substantially litigated" because it is still at the pleading stage, no discovery has been
9    taken, and the first Motion to Dismiss hearing is not scheduled until October 3, 2013. *See* Reply at
10   9. Further, Defendant argues that the interest of justice factor weighs in favor of transfer in order
11   to discourage forum shopping and reduce the costs of litigation. *See Gerin v. Aegon USA, Inc.*, No.
12   06-5407, 2007 WL 1033472, at *8 (N.D. Cal. Apr. 4, 2007) ("The interests of justice strongly
13   weigh in favor of granting the motion to transfer in order to discourage forum-shopping.").
14         The Court is not persuaded by Plaintiff's argument that the case has been "actively and
15   substantially litigated and is posed to advance in this District." Opp'n at 6. In fact, the initial case
16   management conference has not yet taken place, there is no case schedule, and no discovery has
17   been taken. Indeed, this is the first motion to be litigated before the Court. While the potential
18   consolidation with *Wallerstein* weighs slightly against transfer, the advancement of *Wallerstein* in
19   this District is too speculative to be decisive. Moreover, Plaintiff's acts of originally filing and
20   dismissing this action in the Central District indicate the possibility of forum shopping, and
21   Plaintiff has not provided any other explanation for its move to this District.
22         Furthermore, the location of the Plaintiff, non-party witnesses, documentary evidence, and
23   counsel for both Plaintiff and Defendant suggest that the transfer would reduce the costs and
24   expenses of litigation, which serves both parties and the public interest. The remaining public
25   interest factors, such as a potential conflict of laws, are neutral. As both districts are within the
26   Ninth Circuit and the state of California, both districts share largely the same law and either district
27   is equally capable of analyzing the relevant legal issues presented by this case. Thus, the Court
28   finds that the remaining factors generally favor transfer or are neutral.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the convenience factors and interest of justice weigh heavily in favor of transfer. Accordingly, the Court hereby GRANTS Defendant's Motion to Transfer Action to the Central District of California pursuant to 28 U.S.C. § 1404(a). Consequently, the Court DENIES all outstanding motions as MOOT.

**IT IS SO ORDERED.**

Dated: August 2, 2013

_____
LUCY H. KOH
United States District Judge